IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No. 0:04-657-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANTHONY CHALK | ) | |
| | ) | |

Before the court are two motions by the defendant relating to his May 1, 2006 conviction. For the reasons which follow, the motions are denied.

### RULE 60(B)(4) MOTION FOR RELIEF FROM JUDGMENT

The defendant has moved under Rule 60(b)(4) of the Federal Rules of Civil Procedure. Specifically, defendant contends that this court failed to make a finding of fact or conclusion of law on the merits of defendant's Ground Four in his previous motion under 28 U.S.C. § 2255 and the judgment on that matter is void.

A review of the docket shows that defendant's first § 2255 motion was filed on April 17, 2007, almost five years ago. Notably, the § 2255 motion did not contain a Ground Four and the motion was never amended or supplemented. The gist of the three grounds that *were* presented in the § 2255 motion was that the defendant's state conviction for drug offenses in 2002 was related to his current federal conviction and had his attorney discussed this issue with him, the defendant would have objected to the use of the state conviction and to the waiver clause in his plea agreement and at sentencing. The defendant reiterates those claims in his present Rule 60(b) motion arguing that the notice of his § 851 enhancement is

1

jurisdictionally defective and therefore his enhancement was improper.

The court properly addressed and denied all three grounds presented in its order entered on November 19, 2008. Moreover, there was no Ground Four in the original § 2255 motion. Finding no merit in defendant's untimely and misplaced claim of error, the Rule 60(b) motion is denied (ECF No. 494).

MOTION FOR LEAVE TO AMEND § 2255

Before addressing the petitioner's motion for leave to amend his prior § 2255 motion, the court will provide a brief procedural history of the defendant's filings before this court.

On August 24, 2009, this court entered an order dismissing the defendant's motion for reduction of his sentence pursuant to 18 U.S.C. § 3582. The court treated the defendant's § 3582 motion as a successive § 2255 petition because the defendant claimed ineffective assistance of counsel and was clearly attacking his conviction. Because the defendant had filed a previous § 2255 petition, the court explained that the petition was successive and that this court was without jurisdiction to hear the claim without prior authorization from the Fourth Circuit Court of Appeals.

The same day the order denying the § 3582 motion was entered, the defendant filed a motion to appoint counsel, for free copies, and for an extension of time to respond to the government's motion to dismiss his § 3582 motion (construed by the court as a § 2255 petition). Then, on August 31, 2009, the order was returned as undeliverable and re-mailed to the defendant at another federal prison after his transfer.

On September 11, 2009, the court vacated its August 31, 2009 order to allow the defendant additional time to respond to the government's motion to dismiss. The defendant did not respond to the motion to dismiss. Instead, he filed a motion for leave to file a late notice of appeal of the on November 20, 2008 denial of his original § 2255 petition. The court denied the motion for a late appeal and gave the defendant until October 5, 2009 to respond to the government's motion to dismiss. The court advised the defendant that if he did not respond, then the order denying his § 3582 motion would be reinstated.

The defendant never responded and this court entered an order on October 7, 2009, granting the government's motion to dismiss the § 3582 motion. No appeal of that order was ever filed. On April 8, 2011, the defendant filed a letter with the court advising that he would be filing a motion under 28 U.S.C. § 2241. To date, such a motion has not been filed with the court.

On January 13, 2012, the defendant filed another motion to reduce his sentence (ECF No. 489) under § 3582, this time on the basis of Amendment 750 to the United States Sentencing Guidelines. Because the defendant's guideline range was not lowered due to his mandatory minimum sentence, Amendment 750 is not applicable to the defendant. However, the court will issue, contemporaneously, a separate order on that motion.

After the Rule 60(b) motion was filed on January 21, 2012, the defendant filed another motion (ECF No. 495) seeking to amend his earlier § 2255 motion (filed in 2007) to add supplemental claims to his first and second grounds. Defendant incorrectly argues that this court failed to address the Fourth Ground (which was not present in the first § 2255 motion).

As noted above, the Rule 60(b) motion is denied and thus, the motion to amend must fail as well.

The defendant's request to amend is clearly attacking his conviction and sentence on the basis of ineffective assistance of counsel. Such a motion is successive and an end-run attempt around the requirements of § 2255. Without prior authorization from the Fourth Circuit Court of Appeals to file the successive motion, this court is without jurisdiction to hear the claim. *Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2002), 28 U.S.C. § 2255(h).

Accordingly, defendant's motion to amend his previously adjudicated § 2255 motion is denied (ECF No. 495).

IT IS SO ORDERED.

March 2, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge